IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE D. CHATMAN, ) | No. C 06-4879 MMC (PR) |
| ) Plaintiff. ) | **ORDER OF DISMISSAL** |
| ) v. ) | |
| ) JOHN MARSHALL, Warden, R. ) GRENZ, A. Warden, ) | (Docket No. 4) |
| ) Defendant. ) | |
| _____ ) | |

The above-entitled civil action was opened on August 14, 2006, when plaintiff, a California prisoner currently incarcerated at the California Men's Colony ("CMC") and proceeding pro se, filed a letter in which he complains that "inmate Lugman verbally sexually assaulted" two female CMC employees. The Clerk of the Court filed the letter as a complaint, and the Court herein construes it as such.[1] Plaintiff has applied for leave to proceed in forma pauperis.

Where a plaintiff seeks to proceed in forma pauperis, the district court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Pro se pleadings, however, must be liberally construed.

---

[1] Although the docket sheet lists the "Department of Corrections" as the defendant to this action, plaintiff, in his August 14, 2006 letter, does not identify the Department of Corrections or anyone else as a defendant. The Court construes the action as brought against the above-named individuals because plaintiff lists them as defendants in the caption of his application to proceed in forma pauperis, filed September 27, 2006.

See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In the instant filings, plaintiff does not assert the violation of any federal law, or any other basis for federal jurisdiction, in connection with his claims regarding the alleged sexual harassment by Lugman. See generally 28 U.S.C. § 1331 (providing federal jurisdiction for civil actions arising under federal law). Further, to the extent plaintiff intends to bring his claim under 42 U.S.C. § 1983, any such claim must fail, as allegations of verbal harassment and abuse fail to state a cognizable claim under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Moreover, because Lugman is an inmate, his actions are not taken "under color of state law," an essential element of a § 1983 claim. See West v. Atkins, 487 U.S. 42, 48 (1988). Finally, plaintiff has made no allegations of any type with respect to John Marshall and R. Grenz, the individuals whom plaintiff has identified as defendants in the caption of his application to proceed in forma pauperis. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (holding liability may be imposed on individual defendant under § 1983 only if plaintiff can show such defendant proximately caused deprivation of federally protected right).

Accordingly, plaintiff's complaint is hereby DISMISSED for failure to state a claim upon which relief may be granted. In light of this dismissal, the application to proceed in forma pauperis is hereby DENIED and no fee is due.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 3, 2007

_____
MAXINE M. CHESNEY
United States District Judge